UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | | |
|---|---|---|
| JONATHAN MENA, | : | |
| Plaintiff, | : | 12 Civ. 6838 (GBD) (AJP) |
| -against- | : | **REPORT AND RECOMMENDATION** |
| THE CITY OF NEW YORK, OFFICER TEJADA, OFFICER WORRELL, OFFICER TUCKER, OFFICER SCHADT, OFFICER RAYSOR, VITTORIO HARRIS, P.A., CORIZON MEDICAL, | : : | |
| Defendants. | : : | |

------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

    Pro se plaintiff Jonathan Mena brings this action pursuant to 42 U.S.C. § 1983 against the City of New York; Officers Tejada, Worrell, Tucker, John Schadt and Donna Raysor; Physician Assistant Vittorio Harris; and Corizon Medical, alleging that defendants denied him appropriate dental care, as well as telephone and toiletry access. (Dkt. No. 24: 2d Am. Compl. [hereinafter "Compl."].) Presently before the Court is defendants' motion to dismiss Mena's second amended complaint. (Dkt. No. 30: Notice of Motion.)[1/] For the reasons set forth below, defendants' motion should be treated as a summary judgment motion and should be GRANTED for Mena's failure to exhaust administrative remedies.

---

[1/]  Correction Officers Tejada, Worrell, and Tucker have not been served with the second amended complaint. Defendants request that any relief granted to them be extended to Tejada, Worrell, and Tucker as well. (Dkt. No. 41: Defs. Reply Br. at 2 n.2.)

## FACTS

Prior to his transfer to Rikers Island, Mena suffered from a toothache that began in late June 2012. (Dkt. No. 24: Compl. at 11.) After his transfer, Mena arranged for a dental appointment on July 9, 2012, which did not occur for some reason. (Compl. at 11.)

On the morning of July 13, 2012, Mena's condition worsened, resulting in pain, a headache, swelling, and the inability to eat. (Compl. at 11.) Mena placed a sick call sign outside his door, which remained there until July 15, 2012. (Compl. at 14; Dkt. No. 36: Mena Opp. Aff. ¶ 1 & Att. "Sick Call Sign.") Mena attempted to "catch the attention" of the night shift officers, one of whom gave him Tylenol. (Compl. at 11-12.)

After a restless evening, Mena again complained to staff on the morning of July 14, 2012. (Compl. at 12.) Mena spoke to a sick call doctor, who signed Mena up for a clinic visit, but Mena was not taken to the clinic. (Compl. at 12.) In the evening, Mena's discomfort increased, and he elected to relieve the swelling in his gums by piercing them with a staple. (Compl. at 12-13.)

On July 15, 2012, Physician Assistant Vittorio Harris promised to get Mena medication but never followed through. (Compl. at 14.) That afternoon, Officer Wiley took Mena to the clinic where he received antibiotics and painkillers. (Compl. at 14-16.) Mena's medical records indicate that he appeared "well . . . no acute distress; alert, oriented, ambulatory, mild facial swelling and oral swelling gingiva on [right] side." (Dkt. No. 27: 1/9/13 Mena Letter & Med. Records at 7.) The medication's positive effects wore off by the evening and the pain returned. (Compl. at 16.) At some point on July 15, 2012, Mena signed, dated, and submitted a "Request for Dental Care," which he marked "Emergency" and was received on July 16, 2012. (1/9/13 Mena Letter & Med. Records at 1, 9.)

3

On July 16, 2012, the prison pharmacist gave Mena antibiotics and painkillers. (Compl. at 17.)  Mena saw a dentist on July 17, 2012.  (Compl. at 18.)  After a follow-up appointment on July 23, 2012, and a full course of medication, Mena's tooth was pulled on July 27, 2012.  (Compl. at 18-19.)  As a result of the delay in receiving dental care, Mena asserts that he "started experiencing constant headaches throughout the day, and in the mornings when [he] wake[s] up, still to this day, [he is] not able to see completely from [his] right eye and it usually takes a couple of hours before it goes back to [his] normal sight."  (Compl. at 6.)  Mena asserts that "[o]n August 1st, 2012 [Mena] saw Dr. Joon Park at the O.B.C.C. Clinic and he supposedly set me up with an appointment with the eye doctor, but it has been almost 5 months since, and they have not yet call [Mena] for such appointment."  (Compl. at 6; Dkt. No. 26: 1/8/13 Mena Letter at 1-2, 12-13.)

Mena also alleges that during the month of July 2012, he was not permitted to cut his toenails, to shave, sometimes to brush his teeth, or to use the telephone.  (Compl. at 20.)

Mena asserts that he was unable to file a grievance because "in the 4 weeks which [he] was there, these people did not sell pens, stamps or envelopes to anybody whenever it was commissary days."  (Compl. at 7, 20.)

Defendants move to dismiss Mena's complaint, arguing that:  (1) Mena failed to exhaust the available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") (Dkt. No. 32: Defs. Br. at 6-12; Dkt. No. 41: Defs. Reply Br. at 3-5); (2) Mena has not plead sufficient facts to meet the "'deliberate indifference'" standard required for a constitutional claim of inadequate dental care  (Defs. Br. at 12-15); (3) Mena's inability to cut his toenails, shave, brush his teeth, and access the telephone are not the "'atypical and significant hardship'" necessary to prevail on such § 1983 claims (Defs. Br. at 15-17); and (4) Mena has failed to establish municipal

4

liability by identifying a specific policy, custom, or practice of the City of New York that lead to the deprivation of his rights (Defs. Br. at 17-18). For the reasons set forth below, defendants' motion should be <u>GRANTED</u> for failure to exhaust, and the Court therefore need not address defendants' other arguments.

## ANALYSIS

**I.  DEFENDANTS' MOTION IS CONVERTED TO A SUMMARY JUDGMENT MOTION**

A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading. Thus, in deciding such a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." <u>Vassilatos</u> v. <u>Ceram Tech Int'l, Ltd.</u>, 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing <u>Kopec</u> v. <u>Coughlin</u>, 922 F.2d 152, 154-55 (2d Cir. 1991)).[2/] "[C]onsideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." <u>Brass</u> v. <u>Am. Film Techs., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993). The Second Circuit clarified that "a plaintiff's <u>reliance</u> on the terms and

---

[2/]  Accord, e.g., <u>Faulkner</u> v. <u>Beer</u>, 463 F.3d 130, 134 (2d Cir. 2006); <u>Aniero Concrete Co.</u> v. <u>N.Y.C. Constr. Auth.</u>, 94 Civ. 3506, 2000 WL 863208 at *31 (S.D.N.Y. June 27, 2000); <u>Six W. Retail Acquisition, Inc.</u> v. <u>Sony Theatre Mgmt. Corp.</u>, 97 Civ. 5499, 2000 WL 264295 at *12 (S.D.N.Y. Mar. 9, 2000) ("When reviewing the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein.").

When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56. <u>See</u> Fed. R. Civ. P. 12(b); <u>Friedl</u> v. <u>City of N.Y.</u>, 210 F.3d 79, 83 (2d Cir. 2000); <u>Fonte</u> v. <u>Bd. of Managers of Cont'l Towers Condo.</u>, 848 F.2d 24, 25 (2d Cir. 1988).

effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).[3/]

When a plaintiff is pro se, the Court also may rely on the plaintiff's opposition papers in assessing the legal sufficiency of his claims. E.g., Gil v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (in reviewing dismissal of pro se plaintiff's § 1983 claim, Second Circuit considered plaintiff's affidavit in opposition to motion to dismiss); Wilson v. N.Y.C. Dep't of Corr., 11 Civ. 9157, 2013 WL 922824 at *1 n.1 (S.D.N.Y. Mar. 8, 2013) ("[I]t is appropriate to consider factual allegations made in a pro se plaintiff's opposition papers, so long as the allegations are consistent with the complaint."); Pahuja v. Am. Univ. of Ant., 11 Civ. 4607, 2012 WL 6592116 at *1 (S.D.N.Y. Dec. 18, 2012); Trivedi v. N.Y.S. Unified Ct. Sys. Office of Ct. Admin., 818 F. Supp. 2d 712, 734 (S.D.N.Y. 2011) ("When a plaintiff is proceeding pro se, the Court also may rely on any opposition papers in assessing the legal sufficiency of the plaintiff's claims.").

"However, before materials outside the record may become the basis for a dismissal, several conditions must be met. For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." Faulkner v. Beer, 463 F.3d at 134 (citations omitted).

---

[3/]    Accord, e.g., Halebian v. Berv, 644 F.3d 122, 131 n.7 (2d Cir. 2011); McGuire v. City of N.Y., No. 12-CV-0814, 2013 WL 325359 at *5 (E.D.N.Y. Jan. 28, 2013); U.S. Bank Nat'l Ass'n v. Bank of Am., N.A., 12 Civ. 4873, 2012 WL 6136017 at *2 (S.D.N.Y. Dec. 11, 2012).

6

"An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998), cert. denied, 525 U.S. 1103, 119 S. Ct. 868 (1999).[4/] With respect to the defense of failure to exhaust under the PLRA, "if, as is usually the case, it is not clear from the face of the complaint whether the plaintiff exhausted, a Rule 12(b)(6) motion is not the proper vehicle." McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003) (Chin, D.J.).[5/]

Defendants assert the affirmative defense that Mena has failed to exhaust the available administrative remedies. (Dkt No. 32: Defs. Br. at 6-12; Dkt. No. 41: Defs. Reply Br. at 3-5.) Relevant to this defense are exhibits submitted by Mena—Mena's sick call sign (Dkt. No 36: Mena Opp. Aff. ¶ 1 & Att. "Sick Call Sign") and Mena's "Request for Dental Care" form (Dkt. No. 27: 1/9/13 Mena Letter at 9). Because it is not evident that Mena relied on these documents in drafting his complaint and it is not apparent from the face of the complaint whether Mena was prevented from exhausting his administrative remedies, conversion of the motion to dismiss to a summary judgment motion is appropriate here. As required by SDNY-EDNY Local Civil Rule 12.1,

---

[4/] Accord, e.g., Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd., 620 F.3d 137, 145 (2d Cir. 2010); Silver v. Kuehbeck, 217 F. App'x 18, 22 (2d Cir. 2007).

[5/] See, e.g., Butler v. Suffolk Cnty., No. 11-CV-2602, --- F.R.D. ----, 2013 WL 1136547 at *8 (E.D.N.Y. Mar. 19, 2013) ("Thus, it is not clear from the face of the Consolidated Amended Complaint whether the Named Plaintiffs have exhausted their administrative remedies, so dismissal is inappropriate at this stage of the litigation."); Jones v. Holmes, No. 11-CV-5490, 2013 WL 171217 at *2 (E.D.N.Y. Jan. 15, 2013) ("While the complaint suggests that plaintiff may not have exhausted his administrative remedies, it is not clear from the face of the complaint that he has failed to exhaust. Therefore, dismissal on this ground is inappropriate."); Howard v. City of N.Y., 02 Civ. 1731, 2006 WL 2597857 at *7 (S.D.N.Y. Sept. 6, 2006) ("However, '[b]y characterizing non-exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amendable to resolution by way of a motion to dismiss.'").

defendants provided Mena with the requisite notice.  (See Dkt. No. 33: Notice to Pro Se Litigant Who Opposes A Rule 12 Motion Supported by Matters Outside the Pleadings.)

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Lang v. Ret. Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991).

The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment.  See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).  The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S. Ct. at 2552-53.

To defeat a summary judgment motion, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  Instead, the non-moving party must "cit[e] to particular parts of materials in the record" to show that "a fact . . . is generally disputed."  Fed. R. Civ. P. 56(c); see, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587, 106 S. Ct. at 1356; Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d

Cir. 2000) (At summary judgment, "[t]he time has come . . . 'to put up or shut up.'" (citations omitted)), cert. denied, 540 U.S. 811, 124 S. Ct. 53 (2003).

In evaluating the record to determine whether there is a genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S. Ct. at 2513.[6/] The Court draws all inferences in favor of the non-moving party only after determining that such inferences are reasonable, considering all the evidence presented. See, e.g., Apex Oil Co. v. DiMauro, 822 F.2d 246, 252 (2d Cir.), cert. denied, 484 U.S. 977, 108 S. Ct. 489 (1987). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d at 37.

In considering a motion for summary judgment, the Court is not to resolve contested issues of fact, but rather is to determine whether there exists any disputed issue of material fact. See, e.g., Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S. Ct. 1570 (1987). To evaluate a fact's materiality, the substantive law determines which facts are critical and which facts are irrelevant. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510. While "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or

---

[6/] See also, e.g., Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d at 36; Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d at 1223.

9

unnecessary will not be counted." Id. at 248, 106 S. Ct. at 2510 (citations omitted); see also, e.g., Knight v. U.S. Fire Ins. Co., 804 F.2d at 11-12.

"The Court recognizes that it must extend extra consideration to pro se plaintiffs" and that "pro se parties are to be given special latitude on summary judgment motions." Salahuddin v. Coughlin, 999 F. Supp. 526, 535 (S.D.N.Y. 1998) (Peck, M.J.) (citations & quotations omitted); see, e.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest'").[7] "Nevertheless, proceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment, and a pro se party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Cole v. Artuz, 93 Civ. 5981, 1999 WL 983876 at *3 (S.D.N.Y. Oct. 28, 1999) (citing cases).[8]

---

[7] See also, e.g., Ferran v. Town of Nassau, 471 F.3d 363, 369 (2d Cir. 2006); Fuller v. Armstrong, 204 F. App'x 987, 988 (2d Cir. 2006), cert. denied, 552 U.S. 906, 128 S. Ct. 209 (2007); Gildor v. U.S. Postal Serv., 179 F. App'x 756, 758 (2d Cir. 2006); Porter v. Coughlin, 421 F.3d 141, 144 n.2 (2d Cir. 2005); Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004); Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003); Johnson v. Buffalo Police Dep't, 46 F. App'x 11, 12 (2d Cir. 2002), cert. denied, 539 U.S. 959, 123 S. Ct. 2645 (2003).

[8] See also, e.g., United States v. Acomb, No. 99-6308, 216 F.3d 1073 (table), 2000 WL 899482 at *1 (2d Cir. June 29, 2000); James v. Phillips, 05 Civ. 1539, 2008 WL 1700125 at *3 (S.D.N.Y. Apr. 9, 2008); Thompson v. Tracy, 00 Civ. 8360, 2008 WL 190449 at *5 (S.D.N.Y. Jan. 17, 2008); Bunting v. Nagy, 452 F. Supp. 2d 447, 454 (S.D.N.Y. 2006); Rodriguez v. McClenning, 399 F. Supp. 2d 228, 234 & n.52 (S.D.N.Y. 2005); Pack v. Artuz, 348 F. Supp. 2d 63, 78 (S.D.N.Y. 2004); Rector v. Sylvania, 285 F. Supp. 2d 349, 353 (S.D.N.Y. 2003); Walker v. Vaughan, 216 F. Supp. 2d 290, 296-97 (S.D.N.Y. 2002); Hussein v. Waldorf-Astoria, 134 F. Supp. 2d 591, 596 (S.D.N.Y. 2001) (Chin, D.J.), aff'd, 31 F. App'x 740 (2d Cir. 2002).

III.     MENA FAILED TO EXHAUST PRISON GRIEVANCE REMEDIES

   A.     **Exhaustion Of Administrative Remedies**

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust administrative remedies before bringing suit in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This provision requires complete and proper exhaustion in accordance with the prison's administrative procedures. See, e.g., Woodford v. Ngo, 548 U.S. 81, 85, 94, 126 S. Ct. 2378, 2382, 2387-88 (2006). Exhaustion is required even when a prisoner seeks a remedy that cannot be awarded by the administrative procedures. E.g., Woodford v. Ngo, 548 U.S. at 85, 126 S. Ct. at 2382-83; Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001).[9] The Supreme Court has made clear that the PLRA's exhaustion requirement applies to all prisoner claims:

> [W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

Porter v. Nussle, 534 U.S. at 532, 122 S. Ct. at 992.[10]

---

[9]    See also, e.g., Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009); Beharry v. Ashcroft, 329 F.3d 51, 58 (2d Cir. 2003); Myers v. City of N.Y., 11 Civ. 8525, 2012 WL 3776707 at *3 (S.D.N.Y. Aug. 29, 2012); Peoples v. Fischer, 11 Civ. 2694, 2012 WL 1575302 at *5 (S.D.N.Y. May 3, 2012); Doe v. Goord, 04 Civ. 0570, 2004 WL 2829876 at *7 (S.D.N.Y. Dec. 10, 2004) (Peck, M.J.) (citing cases); Rivera v. Pataki, 01 Civ. 5179, 2003 WL 21511939 at *4, *8 (S.D.N.Y. July 1, 2003).

[10]   See also, e.g., Jones v. Bock, 549 U.S. 199, 211, 129 S. Ct. 910, 918-19 (2007); Woodford v. Ngo, 548 U.S. at 85, 126 S. Ct. at 2383 ("exhaustion of available administrative remedies is required for any suit challenging prison conditions"); Johnson v. Killian, 680 F.3d 234,
(continued...)

The purpose of the PLRA is "'to reduce the quantity and improve the quality of prisoner suits . . . [and to afford] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (quoting Porter v. Nussle, 534 U.S. at 524-25, 122 S. Ct. at 988).[11/]

In furtherance of the PLRA's objectives, the Second Circuit has held that "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004); accord, e.g., Singh v. Lynch, 460 F. App'x 45, 47 (2d Cir. 2012); Brownell v. Krom, 446 F.3d at 310. "In determining whether exhaustion has been achieved, [the Second Circuit has] drawn an analogy between the contents of an administrative grievance and notice pleading, explaining that '"[a]s in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming."'" Brownell v. Krom, 446 F.3d at 310 (quoting Johnson v. Testman, 380 F.3d at 697). Thus, to determine whether an inmate has exhausted his administrative remedies, the Court must determine whether the inmate's grievance was sufficient on its face to alert the prison of his complaint. Brownell v. Krom, 446 F.3d at 310-11; accord, e.g., Singh v. Lynch, 460 F. App'x at 47 ("The burden is not a heavy one; it can be analogized to notice pleading.").

Where an inmate has not exhausted administrative remedies according to prescribed prison procedures, the Court must determine whether circumstances existed to excuse the inmate's

---

[10/] (...continued)
238-39 (2d Cir. 2012); Amador v. Andrews, 655 F.3d 89, 95-96 (2d Cir. 2011); Brownell v. Krom, 446 F.3d 305, 310-11 (2d Cir. 2006).

[11/] See also, e.g., Woodford v. Ngo, 548 U.S. at 93-94, 126 S. Ct. at 2387; Johnson v. Killian, 680 F.3d at 238; Amador v. Andrews, 655 F.3d at 96; Brownell v. Krom, 446 F.3d at 310.

12

failure to exhaust his administrative remedies. Brownell v. Krom, 446 F.3d at 311 (inmate's grievance was not exhausted where it had not sufficiently put the defendants on notice of the allegations in his complaint but that special circumstances justified his failure to exhaust).

The Second Circuit has set forth a three-part inquiry to determine whether an inmate has exhausted administrative remedies:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must [1] ask whether administrative remedies were in fact "available" to the prisoner. [2] The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. [3] If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether "special circumstances" have been plausibly alleged that justify "the prisoner's failure to comply with administrative procedural requirements."

Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (citations omitted); accord, e.g., Dennis v. Westchester Cnty. Jail Corr. Dep't, 485 F. App'x 478, 480 (2d Cir. 2012); Amador v. Andrews, 655 F.3d at 102-03; Brownwell v. Krom, 446 F.3d at 311-12; Braham v. Clancy, 425 F.3d 177, 181-82 (2d Cir. 2005).[12]

---

[12] In Woodford, where the inmate had filed an untimely grievance, the Supreme Court held that a prisoner must "properly" exhaust administrative remedies before suing in federal court. Woodford v. Ngo, 548 U.S. at 85, 126 S. Ct. at 2382. The Second Circuit has yet to address the full effect of Woodford on the three-step Hemphill inquiry. See, e.g., Johnston v. Maha, 460 F. App'x 11, 16 n.6 (2d Cir. 2012) ("Although [Woodford] requires that prisoners 'properly' exhaust the available remedies under the PLRA, it certainly does not abrogate the unavailability defense to nonexhaustion."); Amador v. Andrews, 655 F.3d at 102-03 ("We have questioned whether, in light of Woodford, the doctrines of estoppel and special circumstances survived. . . . We too decline to reach the issue, concluding that, even under pre-Woodford caselaw, [plaintiff] has failed to establish that defendants are estopped from raising exhaustion as a defense or that special circumstances excuse her failure to exhaust."); Macias v. Zenk, 495 F.3d 37, 43 n.1 (2d Cir. 2007) ("[W]e need not decide what effect (continued...)

Dismissal of an action for failure to exhaust administrative remedies ordinarily is without prejudice. E.g., Giano v. Goord, 380 F.3d at 675 ("[A]dministrative exhaustion is not a jurisdictional predicate."); Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2004) ("As we have noted, '[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw. If the

---

12/ (...continued)
Woodford has on Hemphill's holding that where administrative procedures are confusing 'a reasonable interpretation of prison grievance regulations may justify an inmate's failure to follow procedural rules to the letter.'"); Reynoso v. Swezey, 238 F. App'x 660, 662 (2d Cir. 2007), cert. denied, 552 U.S. 1207, 128 S. Ct. 1278 (2008); Ruggiero v. Cnty. of Orange, 467 F.3d 170, 176 (2d Cir. 2006); Boddie v. Bradley, 228 F. App'x 5, 6-7 (2d Cir. 2006).

District Courts within this Circuit have acknowledged the uncertainty and have continued to apply Hemphill. See, e.g., Rickett v. Orsino, 10 Civ. 5152, 2013 WL 1176059 at *9 n.16 (S.D.N.Y. Feb. 20, 2013) ("The Second Circuit has yet to address the viability of Hemphill after Woodford. Subsequent to the Court's decision in Woodford, district courts within this Circuit have recognized this tension, but have continued to apply Hemphill." (citation omitted)), report & rec. adopted, 2013 WL 1155354 (S.D.N.Y. Mar. 21, 2013); Murray v. Gillani, No. 12-CV-401, 2013 WL 838351 at *6 (N.D.N.Y. Feb. 11, 2013) ("Although the Second Circuit has not explicitly held that Hemphill remains good law after Woodford, it has applied the three-part inquiry in recent cases."), report & rec. adopted, 2013 WL 838306 (N.D.N.Y. Mar. 6, 2013); Chavis v. Goord, No. 00-CV-01418, 2007 WL 2903950 at *9 n.8 (N.D.N.Y. Oct. 1, 2007) ("The Second Circuit has yet to address the ongoing viability of its Hemphill three-part test in light of the Supreme Court's decision in Woodford. Several courts within the circuit have acknowledged uncertainty caused by the tension between Hemphill and Woodford. It is clear from the court's subsequent decision in Macias, however, that the Second Circuit has at least partly retreated from its established exhaustion jurisprudence, recognizing the irreconcilable tension between Woodford and its earlier decision in Braham v. Clancey, 425 F.3d 177 (2d Cir. 2005) and acknowledging that under Woodford mere notice to prison officials through informal channels, without more, does not suffice to satisfy the PLRA procedural exhaustion requirement." (citations omitted)), aff'd, 333 F. App'x 641 (2d Cir.), cert. denied, 130 S. Ct. 760 (2009); Wilkinson v. Banks, No. 02-CV-361, 2007 WL 2693636 at *5 (W.D.N.Y. Sept. 10, 2007); Bester v. Dixon, No. 03-CV-1041, 2007 WL 951558 at *8 (N.D.N.Y. Mar. 27, 2007); Lawyer v. Gatto, 03 Civ. 7577, 2007 WL 549440 at *4 n.4 (S.D.N.Y. Feb. 21, 2007); Fox v. Brown, No. 05-CV-1292, 2007 WL 586724 at *6 (N.D.N.Y. Feb. 21, 2007); Larkins v. Selsky, 04 Civ. 5900, 2006 WL 3548959 at *9 n.4 (S.D.N.Y. Dec. 6, 2006); Sloane v. Mazzuca, 04 Civ. 8266, 2006 WL 3096031 at *5 (S.D.N.Y. Oct. 31, 2006) ("Until such time as the Court of Appeals considers the impact of Woodford, if any, on its prior rulings, this Court must follow the law of the Second Circuit. The Court will therefore apply the current law of this Circuit to the exhaustion claims.").

time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit. . . .' In such circumstances, we have recognized that dismissal without prejudice is appropriate." (citations omitted)).[13]

The Supreme Court has ruled that "total exhaustion," however, is not required, i.e., if some claims are exhausted and others are not, the unexhausted claims should be dismissed while the exhausted claims can go forward. See Jones v. Bock, 549 U.S. at 223-24, 127 S. Ct. at 925-26.[14]

### B.  Grievance Procedures

It is useful to summarize the New York City Department of Correction's Inmate Grievance Resolution Program ("IGRP"):

> The IGRP requires an inmate to: (1) file an informal complaint with the Inmate Grievance Resolution Committee ("IGRC"); (2) in the event that informal resolution is not reached within five days, request a formal hearing before the IGRC; (3) appeal any unfavorable decision by the IGRC to the Commanding Officer; (4) appeal any unfavorable decision by the Commanding Officer to the Central Office Review Committee; and (5) appeal any unfavorable decision from the Central Office Review Committee to the New York City Board of Correction. "An inmate's administrative remedies are not exhausted until he proceeds through all five levels of the IGRP."

Myers v. City of N.Y., 11 Civ. 8525, 2012 WL 3776707 at *4 (S.D.N.Y. Aug. 29, 2012) (citations omitted); accord, e.g., Amador v. Andrews, 655 F.3d 89, 96-97 (2d Cir. 2011) (citations omitted); Davis v. N.Y.C. Dep't of Corr., 10 Civ. 0288, 2012 WL 4468183 at *2 (S.D.N.Y. Sept. 25, 2012);

---

[13] See also, e.g., Townsend v. Armstrong, 67 F. App'x 47, 49 (2d Cir. 2003); De La Motte v. Menifee, 40 F. App'x 639, 639 (2d Cir. 2002); Rivera v. Anna M. Kross Center, 10 Civ. 8696, 2012 WL 383941 at *7 (S.D.N.Y. Feb. 7, 2012); Kasiem v. Switz, 756 F. Supp. 2d 578, 578 (S.D.N.Y. 2010).

[14] See, e.g., Urena v. Fischer, No. 08-CV-1309, 2010 WL 2134564 at *6 n.3 (N.D.N.Y. Apr. 16, 2010), report & rec. adopted, 2010 WL 2133928 (N.D.N.Y. May 27, 2010); Myers v. Johns, No. 05-CV-1448, 2008 WL 5115249 at *11 (N.D.N.Y. Dec. 4, 2008).

15

Greene v. D.O.C., 10 Civ. 5344, 2012 WL 694031 at *1 (S.D.N.Y. Mar. 5, 2012); Mamon v. N.Y.C. Dep't of Corr., 10 Civ. 8055, 2012 WL 260287 at *3 (S.D.N.Y. Jan. 27, 2012).[15/] The complaint to the IGRC must be filed within ten days. See N.Y.C. Dep't of Corr., Directive 3375R-A, Inmate Grievance Resolution Program, at § IV.B.1.a (2008), available at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf (last visited Apr. 4, 2013) ("Within ten (10) days from the date the alleged issue relating to his/her confinement took place, an inmate must submit a complaint . . . .").

    **C.**    **Application To Mena's Claims**

It is undisputed that Mena did not file a timely grievance. (See page 3 above.)[16/] To survive dismissal, Mena thus must qualify for an exception to the exhaustion requirement. The "affirmative defense of exhaustion is subject to estoppel" where affirmative action by prison officials renders the grievance process unavailable to a petitioner. E.g., Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004); see also, e.g., Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006); Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004); Hale v. Rao, 768 F. Supp. 2d 367, 376 (N.D.N.Y. 2011).[17/] "Prior cases have held that verbal and physical threats of retaliation,

---

[15/]    Defendants also note the availability of the Department of Health and Mental Hygiene's procedure for "Patient Complaints and Requests for Second Opinions," which applies to Physician Assistant Harris. (Dkt. No. 32: Defs. Br. at 11; Dkt No. 35: Rauchberg Aff. Ex. 1: "Patient Complaints & Requests For Second Opinions".) Defendants assert that "claims concerning the provision of medical (and dental) care are not covered by the Department of Corrections' grievance procedures, but by the procedures provided by the Department of Health and Mental Hygiene." (Defs. Br. at 11.) In any event, Mena did not avail himself of this grievance procedure either.

[16/]    Mena did file an untimely grievance on July 27, 2012. (Dkt. No. 45: Mena 3/19/13 Opp. Aff. Att. Mena 7/27/12 Grievance.) There is no evidence that Mena appealed that grievance to the facility Superintendent.

[17/]    "Case law does not clearly distinguish between situations in which defendants' behavior renders administrative remedies 'unavailable' to the plaintiff and cases in which defendants (continued...)

physical assault, <u>denial of grievance forms or writing implements</u>, and transfers constitute such affirmative action." <u>Amador</u> v. <u>Andrews</u>, 655 F.3d 89, 103 (2d Cir. 2011) (emphasis added).[18]

Mena asserts that he was unable to grieve because "in the 4 weeks which [he] was there, these people did not sell pens, stamps or envelopes to anybody whenever it was commissary days." (<u>See</u> page 3 above.)[19] Defendants argue that "[t]he fact that plaintiff was able to obtain a writing utensil . . . to complete his complaint . . . and that he completed the original complaint within fifteen days after his tooth was extracted [on July 27, 2012], belies his argument . . . ." (Dkt. No. 32: Defs. Br. at 8.)

Mena's own submissions disprove his claim that he did not grieve because he did not have a pen. In his complaint, Mena asserts "I put the daily sick call sign again at my cell's door." (Dkt. No. 24: Compl. at 14.) Mena's opposition papers included "[a] copy of the actual 'sick call sign' which [Mena] had constantly located on the plastic glass of the Cell's door every[]single day . . . from July 13, 2012 to July 15, 2012." (Dkt. No 36: Mena Opp. Aff. ¶ 1 & Att. "Sick Call Sign.") Mena's sick call sign is handwritten. (<u>Id.</u>) Mena also wrote that on July 15, 2012, he "was

---

[17] (...continued)
are estopped from asserting non-exhaustion as an affirmative defense because of their behavior. As such, there will be some overlap in the analyses." <u>Hargrove</u> v. <u>Riley</u>, No. CV-04-4587, 2007 WL 389003 at *12 n.14 (E.D.N.Y. Jan. 31, 2007).

[18] <u>Accord, e.g.</u>, <u>Toliver</u> v. <u>Dep't of Corr. N.Y.C.</u>, 10 Civ. 5807, 2012 WL 4044627 at *5 (S.D.N.Y. Sept. 11, 2012); <u>Martin</u> v. <u>City of N.Y.</u>, 11 Civ. 600, 2012 WL 1392648 at *7 (S.D.N.Y. Apr. 20, 2012); <u>Hale</u> v. <u>Rao</u>, 768 F. Supp. 2d at 376.

[19] Mena also claims he was deprived of envelopes and stamps (<u>see</u> page 3 above), but they are not necessary to file a grievance. <u>See</u> N.Y.C. Dep't of Corr., Directive 3375R-A, Inmate Grievance Resolution Program, at § IV.B.1.a (2008), <u>available at</u> http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf (last visited Apr. 4, 2013) ("The grievant must file the grievance as follows: (1) deposit the written complaint into a 'Grievance Box', located in the inmate's housing area, or (2) deliver it to the Grievance Office, or (3) give it to the Grievance Coordinator.").

able to fill out another dental application which in fact had to be marked as 'EMERGENCY' because of how grave [his] situation was at that time." (Dkt. No. 27: 1/9/13 Mena Letter & Med. Records at 1.)  Mena included a copy of the "Request for Dental Care," dated July 15, 2012, which he clearly filled out and signed with a pen or pencil.  (See page 2 above.)  Finally, on July 27, 2012, Mena filled out, in handwriting, a grievance form complaining of the lack of medical care between July 13 and 15, 2012.  (Mena 3/19/13 Opp. Aff. Att. Mena 7/27/12 Grievance.)

        Accordingly, Mena's claim that the affirmative actions of the defendants caused him to be totally deprived of a writing implement from July 13-25, 2012 are implausible because both the sick call sign he placed on his door from July 13-15, 2012 and the July 15, 2012 "Request for Dental Care" were handwritten with a pen or pencil, as was his July 27, 2012 (untimely) grievance. Mena has failed to adduce evidence that he was denied access to a writing implement, and in fact, Mena has provided evidence that he had access to a writing implement during the relevant period. See, e.g., Muhammad v. Cnty. of Suffolk, No. 08-CV-04593, 2013 WL 858316 at *6 (E.D.N.Y. Mar. 7, 2013) (granting summary judgment for failure to exhaust when plaintiff alleged there was no prison grievance procedure but defendants submitted two grievances filed by plaintiff to show his awareness of grievance procedures); Ward v. LeClaire, No. 07-CV-6145, 2013 WL 178139 at *5 (W.D.N.Y. Jan. 16, 2013) ("Plaintiff's conclusory assertions that Defendants failed to transmit his appeals to the CORC and the undated, unsigned Notices of Appeal do not constitute specific facts showing that there is a genuine issue for trial regarding exhaustion.  In the absence of any competent evidence proffered in opposition, the Court concludes Plaintiff failed to employ the grievance procedure available to him by properly and timely appealing to the CORC."); White v. N.Y.C. Dep't of Corr. Med. Unit, No. 09 CV 4238, 2011 WL 4356359 at *5 (E.D.N.Y. Aug. 24, 2011) (Motion to dismiss granted where "plaintiff's statement that he 'truthfully did not think about

filing a grievance' belies his claims that he could not exhaust his administrative remedies because Rikers Island does not follow its own procedures, and that he 'went through all the proper procedures.'" (citation omitted)), report & rec. adopted, 2011 WL 4356348 (E.D.N.Y. Sept. 16, 2011); Valentine v. Lindsay, No. 10-CV-868, 2011 WL 3648261 at *7 (E.D.N.Y. Aug. 17, 2011) (Plaintiff's "allegation that [defendants] dissuaded him from pursuing the administrative grievance system is belied by the fact that he successfully pursued the first three tiers of the four-tier [system] . . . after the alleged threats from those three defendants. . . . [Plaintiff] has not created a genuine issue of material fact regarding his access to prison remedies."); Mateo v. O'Connor, 08 Civ. 11053, 2010 WL 3199690 at *5 (S.D.N.Y. Aug. 12, 2010) ("These are threats of the sort that could estop defendants from raising the non-exhaustion defense. But in this case, the threats were of no consequence. By his own admission, [plaintiff] was not prevented from following the prison's internal grievance procedure. Instead, [plaintiff] did pursue administrative remedies; the problem was that he sought relief in this Court too. Thus estoppel is not warranted here." (citation omitted)); Butler v. Martin, No. 07-CV-52105, 2010 WL 980421 at *5-6 (N.D.N.Y. Mar. 15, 2010) ("Plaintiff was obligated to appeal to the next administrative level once it became clear to him that a response to his grievances was not forthcoming. . . . There is no indication that Plaintiff filed such an appeal. . . . I find that there is no genuine issue as to any material fact regarding Plaintiff's failure to exhaust his available administrative remedies."); Costor v. Sanders, 07 Civ. 11311, 2009 WL 1834374 at *3 (S.D.N.Y. June 16, 2009) ("It is undisputed that plaintiff filed a grievance on January 30, 2007 . . . . The filing of this grievance clearly undermines plaintiff's claim that he was prevented from filing a grievance either due to the transfer or because he was never properly instructed on how to file a grievance. . . . Consequently, plaintiff has not proffered any disputed material facts which,

construed in his favor, could lead a rational trier of fact to any conclusion other than that he did not exhaust his administrative remedies and that defendants should not be estopped from claiming so."); Winston v. Woodward, 05 Civ. 3385, 2008 WL 2263191 at *10 (S.D.N.Y. May 30, 2008) ("In light of Plaintiff's failure to put forth any corroborating evidence, either direct or circumstantial, to support his claims that he suffered retaliation in the form of threats, harassment and mail tampering, . . . the Court finds, even taking the evidence in the light most favorable to Plaintiff, that he has not put forth sufficient evidence to sustain his burden of demonstrating estoppel."); Taylor v. Artus, No. 05-CV-0271, 2007 WL 4555932 at *7 (N.D.N.Y. Dec. 19, 2007); Shaheen v. McIntyre, No. 05CV0173, 2007 WL 3274835 at *17 (N.D.N.Y. Nov. 5, 2007); Singh v. Goord, 520 F. Supp. 2d 487, 496 (S.D.N.Y. 2007) (granting summary judgment to defendants for failure to exhaust when "plaintiff argues that on July 12, 2005 he filed a grievance entitled Further Concerns, [but] plaintiff has not provided copies of this grievance." (quotations omitted)).[20]

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss Mena's second amended complaint for failure to exhaust his administrative remedies should be converted to a summary judgment motion and as such should be GRANTED.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

---

[20] Mena's claim that he was not permitted to cut his toenails, to shave, sometimes to brush his teeth, or to use the telephone (see page 3 above) is similarly unexhausted and also should be dismissed without prejudice.

filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        April 4, 2013

Respectfully submitted,

*(signature)*

**Andrew J. Peck**
United States Magistrate Judge

Copies to:  Jonathan Mena (Mail)
            Andrew J. Rauchberg, Esq. (ECF)
            Judge George B. Daniels