UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN MENA

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, OFFICER
TEJADA, OFFICER WORRELL, OFFICER
TUCKER, OFFICER SCHADT, OFFICER
RAYSOR, VITTORIO HARRIS, P.A.,
CORIZON MEDICAL,

                              Defendants.



MEMORANDUM DECISION
AND ORDER

12 Civ. 6838 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Jonathan Mena brings this action against the City of New York; Officers Tejada, Worrell, Tucker, Schadt and Raysor; Physician Assistant Vittorio Harris and Corizon Medical pursuant to 42 U.S.C. § 1983, alleging that defendants denied him prompt dental care and telephone and toiletry access. Defendants collectively move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's second amended complaint.

    This court referred the matter to Magistrate Judge Andrew J. Peck for his Report and Recommendation ("Report"). Magistrate Judge Peck recommended that Defendants' motion to dismiss should be (1) treated as a summary judgment motion and (2) granted because Mena failed to exhaust administrative remedies.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to

which objections are made. However the court need not conduct a *de novo* hearing on the matter. Id.; See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). It is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).

Here, by letter dated April 10, 2013, Plaintiff objected to the Report on the grounds that he was unable to exhaust his administrative remedies because he did not have access to writing utensils or a telephone. Defendants filed a response to Plaintiff's Objections, arguing that: (i) there is still no evidence on the record to support Plaintiff's argument that he could not obtain a pen; and (ii) Plaintiff did not make a good faith effort to exhaust his available administrative remedies. See ECF No. #48. Plaintiff filed a reply, arguing, among other things, that no one at the prison grievance department would consider his situation after he allowed the grievance filing deadline to pass. See ECF No. #52.

This Court adopts the Report in its entirety. Magistrate Judge Peck properly recommended Defendants' motion to dismiss be converted into a summary judgment motion because Defendants' affirmative defense that Plaintiff failed to exhaust the available administrative remedies relies on documents that Plaintiff did not reference in his complaint and because it was not apparent from the face of the complaint that Plaintiff was prevented from exhausting his administrative remedies. Defendants' affirmative defense of exhaustion of remedies is subject to estoppel where affirmative action by prison officials renders the grievance process unavailable. *See, e.g., Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2006). As required by SDNY-EDNY Local Civil Rule 12.1, Defendants provided Plaintiff with the requisite notice. See Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the

Pleadings, Dkt. No. 33. In addition, both parties have submitted, and Magistrate Judge Peck has considered, memoranda and supporting evidence related to Plaintiff's claims and Defendants' defenses.

In finding that summary judgment should be awarded in Defendants' favor, Magistrate Judge Peck considered a handwritten note that Plaintiff placed outside of his cell, a completed dental care request form and Plaintiff's handwritten complaint regarding the dental treatment he received—all of which show that Plaintiff had access to a pen during the ten-day period that he should have filed a grievance.[1] Based on these documents, Magistrate Judge Peck properly determined that Plaintiff's efforts to exhaust his administrative remedies were not hindered by prison officials. Plaintiff's assertion that Defendants purposely kept him away from pens, stamps and phone calls so that he could not exhaust his administrative remedies on time is belied by the evidence on the record. As Defendants correctly point out, the record does not show that Plaintiff indicated to prison officials that he needed a pen so he could file a grievance or that prison officials refused to provide him a pen for this purpose.

Furthermore, Plaintiff's argument that the prison grievance department refused to hear his grievance after the deadline had passed is unavailing. Under the IGRP, Plaintiff had three more levels of appeal available to him. *See, e.g., Myers v. City of N.Y.*, 11 Civ. 8525, 2012 WL 3776707 at *4 (S.D.N.Y. Aug. 29, 2012) (citations omitted). There is no evidence that Plaintiff appealed the grievance to a Commanding Officer, the Central Office Review Committee or the New York City Board of Correction after he was denied a formal hearing. Accordingly, Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See George v.*

---

[1] It is undisputed that Plaintiff did not file a timely grievance. As Judge Peck correctly notes, the New York City Department of Corrections Inmate Grievance Resolution Program ("IGRP") requires an inmate to submit a complaint within ten days of the incident. Report at 15.

*Morrisson*, 06 Civ. 3188, 2007 U.S. Dist. LEXIS 42640. *14-15 (S.D.N.Y. June 4, 2007); *Rivera v. Anna M. Kross Ctr.*, No. 10 Civ. 8696, 2012 U.S. Dist. LEXIS 15126, *15-16 (S.D.N.Y. Feb. 7, 2012) (citations omitted).

## Conclusion

The Report is adopted in its entirety. Defendants' motion to dismiss is converted into a summary judgment motion and summary judgment is granted in favor of Defendants on the basis that Plaintiff failed to exhaust administrative remedies before seeking relief in this court.

Dated: July 9, 2013
      New York, New York

SO ORDERED

*/s/ George B. Daniels*

GEORGE B. DANIELS
United States District Judge